# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| **MARIA MEYER**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**JENNIFER EDWARDS**, as the Collier County Supervisor of Elections,<br><br>Defendant. | CIVIL ACTION<br><br>Case No. 2:22-cv-287<br><br>Judge:<br><br>Mag. Judge: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **MARIA MEYER** ("MEYER"), by and through undersigned counsel, and brings this action against JENNIFER EDWARDS ("Defendant") and states the following for her Complaint:

## INTRODUCTION

1. This is an action brought under Title VII of the Civil Rights Act of 1964 (Title VII) and Florida Civil Rights Act (FCRA) for unlawful national origin discrimination in violation of Title VII and the FCRA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331.

1

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff worked in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Collier County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.04 since Collier County is within the Fort Myers Division.

5. **MEYER** received her Notice of Right to Sue from United States Equal Employment Opportunity Commission ("EEOC") on February 8, 2022 and the Complaint is filed within the time frame required under the law. (*See* Exhibit A – Notice of Right to Sue).

## PARTIES

6. Plaintiff, **MARIA MEYER** ("**MEYER**") is an individual and a resident of Florida who at all material times resided in Collier County, Florida and was employed by the Defendant in Collier County, Florida.

7. Defendant, **JENNIFER EDWARDS** ("Defendant") is the Collier County Supervisor of Elections. The Defendant was Plaintiff's employer. The Defendant is an employer as intended by Title VII and the FCRA.

## GENERAL ALLEGATIONS

8. **MEYER** is a Hispanic female of Puerto Rican national origin.

9. **MEYER** began her employment on August 31, 2020, and was employed by the Defendant as a customer service coordinator.

10. **MEYER** was hired by Supervisor Aixa Capizzi (Hispanic/Cuban).

11. **MEYER** always performed her assigned duties in a professional manner and was very well qualified for her position.

12. **MEYER** always received good to very good performance reviews from the Defendant until her supervisor resigned in November 2020.

13. Prior to Ms. Capizzi resigning, she informed **MEYER** that she was ordered to terminate her because she looked Hispanic, but that she refused that directive.

14. On December 1, 2020, **MEYER** was demoted to Customer Service Representative by Chief Deputy Supervisor of Elections Melissa Blazier (Caucasian).

15. On February 19, 2021, the Defendant terminated **MEYER**'s employment, despite **MEYER** having earned a merit-based pay raise just weeks earlier.

16. The Defendant terminated **MEYER** because of her national origin.

### COUNT I – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, NATIONAL ORIGIN DISCRIMINATION

17. Plaintiff incorporates by reference Paragraphs 1-16 of this Complaint as though fully set forth below.

18. **MEYER** is of Puerto Rican national origin and as such, is a member of a protected class.

19. At all material times, **MEYER** was an employee and the Defendant was her employer covered by and within the meaning of Title VII of the Civil Rights Act of 1963, 42 U.S.C §2000e.

20. **MEYER** was, and is, qualified for the positions that she held with the Defendant.

21. **MEYER** has endured disparate treatment while employed with the Defendant, thereby altering the terms and conditions of her employment.

22. The acts, failures to act, practices and policies of the Defendant set forth above constitute intentional discrimination on the basis of **MEYER**'s national origin in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2.

23. As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq. as referenced and cited herein, **MEYER** has lost benefits and privileges of her employment and has been substantially and significantly injured in her career path.

24. As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq. as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **MEYER** is entitled to all relief necessary to make her whole as provided for under 42 USC § 2000e et seq.

25. As a direct and proximate result of the Defendant's actions, **MEYER** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

26. **MEYER** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages, and;

vi. Such other relief as this Court shall deem appropriate.

## COUNT II – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992, NATIONAL ORIGIN DISCRIMINATION

27. Plaintiff incorporates by reference Paragraphs 1-16 of this Complaint as though fully set forth below.

28. **MEYER** is of Puerto Rican national origin and as such, is a member of a protected class.

29. At all material times, **MEYER** was an employee and the Defendant was her employer covered by and within the meaning of the FCRA.

30. **MEYER** was, and is, qualified for the positions that she held with the Defendant.

31. **MEYER** has endured disparate treatment while employed with the Defendant, thereby altering the terms and conditions of her employment.

32. The acts, failures to act, practices and policies of the Defendant set forth above constitute intentional discrimination on the basis of **MEYER**'s national origin in violation of the FCRA.

33. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, **MEYER** has lost benefits and privileges of her employment and has been substantially and significantly injured in her career path.

34. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited

acts perpetrated against her, **MEYER** is entitled to all relief necessary to make her whole as provided for under the FCRA.

35. As a direct and proximate result of the Defendant's actions, **MEYER** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

36. **MEYER** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Reasonable attorney's fees plus costs;

vi. Compensatory damages, and;

    vii.    Such other relief as this Court shall deem appropriate.

<b><u>DEMAND FOR TRIAL BY JURY IS HEREBY MADE</u></b>

Respectfully submitted,

Dated: May 2, 2022      **/s/ Benjamin H. Yormak_____**
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com